I respectfully dissent from the Decision and Order of the majority. In particular, I believe that the majority has erred in its conclusion that District Attorneys' Offices are not State agencies.
Contrary to the majority's findings of fact, Covington's Tort Claim Affidavit did not name the "Columbus County District Attorney's Office," but instead alleged negligence by two Assistant District Attorneys, "13th Judicial District, Columbus County." Indeed, in accordance with Covington's pleading, District Attorneys' Offices are not established by local county, as implied by the majority's decision, but by State Prosecutorial District. Because North Carolina's Prosecutorial Districts map closely to its Judicial Districts, I believe that Covington's confusion on that distinction is excusable.
In Caudill v. Dellinger, 129 N.C.App. 649, 501 S.E.2d 99 (1998),aff'd, 350 N.C. 89, 511 S.E.2d 304 (1999), the North Carolina Court of Appeals held that District Attorneys are State employees for the purpose of the North Carolina Whistleblower Act. It follows that District Attorneys' Offices in general, and the District Attorney's Office for the 13th Prosecutorial District of North Carolina in particular, is a department, institution, or agency of the State.
Hull v. Oldham, 104 N.C. App. 29, 407 S.E.2d 611, disc. reviewdenied, 330 N.C. 441, 412 S.E.2d 72 (1991), cited by defendant in its arguments before the Industrial Commission, holds that county sheriffs are not State employees subject to suit under the Tort Claims Act because, although the position of sheriff is established under the State Constitution, it is *Page 5 
described under Article VII, "Local Government." That case is therefore distinguishable from the present case, as the position of District Attorney is established under the State Constitution under Article IV, "Judicial," together with the rest of the state judiciary.
Because Covington has properly named a department, institution, or agency of the State as defendant in his Tort Claim Affidavit pursuant to N.C. Gen. Stat. § 143-297, I would allow Covington's tort action to proceed and correct the caption of the present action to properly reflect Defendant's identity.
For the reasons stated herein, I respectfully dissent.
This the 6th day of February, 2007.
 S/___________________ THOMAS J. BOLCH COMMISSIONER *Page 1